UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROADGUARD INTERLOCK LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>SOUND DISTRIBUTIONS INC.,<br><br>   Defendant. | CASE NO. C24-0742JLR<br><br>ORDER |

## I.   INTRODUCTION

Before the court is Plaintiff Roadguard Interlock LLC's ("Roadguard") motion for entry of default judgment against Defendant Sound Distributions, Inc. ("Sound Distributions") (Def. J. Mot. (Dkt. # 16)) and Sound Distributions's motion to set aside default (Mot. (Dkt. # 22); Reply (Dkt. #27)).  Roadguard opposes Sound Distributions's motion (Resp. (Dkt. # 25)), and the court stayed briefing on Roadguard's motion for default judgment pending the resolution of that motion (10/3/24 Order (Dkt. # 24)).  The court has considered the parties' submissions, the relevant portions of the record, and the

ORDER - 1

1    governing law.  Being fully advised,[1] the court GRANTS Sound Distributions's motion
2    to set aside default; VACATES the entry of default; GRANTS IN PART Roadguard's
3    request for attorneys' fees and costs incurred as a result of Sound Distributions's default;
4    and DENIES Roadguard's motion for default judgment as moot.

## II. BACKGROUND

6    This matter arises from Sound Distributions's alleged breach of a contract by
7    which Roadguard appointed Sound Distributions its service provider for the installation
8    and maintenance of interlock ignition devices.  (Compl. (Dkt. # 1) ¶¶ 6, 8.)  These
9    devices are installed in motor vehicles to prevent potentially intoxicated persons from
10   starting the vehicles.  (*Id.*)  Roadguard alleges Sound Distributions breached the contract
11   by failing to pay fees for monthly rentals of the devices and replacement costs for devices
12   that it did not return after the contract was terminated.  (*Id.* ¶¶ 13-15; *see also id.* ¶ 16
13   (alleging that Sound Distributions owed Roadguard $477,324.51 as of July 21, 2023).)
14   Roadguard filed this action on May 29, 2024.  (*See generally id.*)  Sound
15   Distributions accepted service on July 3, 2024.  (Acc. of Service (Dkt. # 8).)  It did not,
16   however, answer or respond to the complaint before the deadline to do so expired.  *See*
17   Fed. R. Civ. P. 12(a)(1)(A)(i) (requiring defendant to answer or respond within 21 days
18   of service).  On August 5, 2024, counsel for Roadguard notified Justin I. Mishkin,
19   counsel for Sound Distributions, that Roadguard intended to seek entry of default.  (*See*

---

[1] Neither party requests oral argument and the court concludes that oral argument would not be helpful to its disposition of the motions.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

Feinberg Decl. (Dkt. # 26) ¶ 10, Ex. B.)  Sound Distributions filed an answer, affirmative defenses, and counterclaims on August 9, 2024.  (Answer (Dkt. # 9).)

On August 12, 2024, the Clerk issued a deficiency letter informing Sound Distributions that (1) Mr. Mishkin did not properly sign the answer in accordance with Federal Rule of Civil Procedure 11,[2] Local Civil Rule 83.2,[3] and Section IV(L) of the court's Electronic Filing Procedures,[4] and (2) attorney Yaamini Sharma, who signed the answer, was not admitted to practice in this District and therefore must submit a petition for admission and notice of appearance to proceed as counsel.  (Def. Letter (Dkt. # 10).)  The Clerk instructed Mr. Mishkin to file a corrected signature page for the answer by August 26, 2024.  (*See id.*)  Neither Mr. Mishkin or Ms. Sharma corrected the deficiencies before that deadline.  (*See generally* Dkt.)

On August 27, 2024, the court ordered Sound Distributions to show cause by no later than September 4, 2024, why it should not strike Sound Distributions's answer for failure to comply with Rule 11, Local Civil Rule 83.2, and the deficiency letter.  (8/27/24 Order (Dkt. # 11).)  The court also allowed Sound Distributions to satisfy the order by

---

[2] "Every pleading . . . must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented."  Fed R. Civ. P. 11(a).  "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."  *Id.*

[3] "An attorney eligible to appear may enter an appearance in a civil case by properly signing in accordance with the ECF Filing Procedures and filing a Notice of Appearance . . . [or] answer . . . on behalf of the party the attorney represents."  Local Rules W.D. Wash. LCR 83.2(a).

[4] The Electronic Filing Procedures set forth rules governing signatures on electronically filed documents.  *See* https://www.wawd.uscourts.gov/sites/wawd/files/ECFFilingProcedures.pdf

having Mr. Mishkin file a corrected signature page and/or by having Ms. Sharma obtain admission to this District and file a notice of appearance. (*Id.*)

Sound Distributions did not file a response to the order to show cause, a corrected signature page for Mr. Mishkin, or a notice of appearance for Ms. Sharma before the September 4 deadline. (*See generally* Dkt.) Accordingly, the court struck Sound Distributions's answer. (9/5/24 Order (Dkt. # 12).) Later that same day, Roadguard moved for entry of default. (Def. Mot. (Dkt. # 13).) The court granted the motion and entered default against Sound Distributions on September 9, 2024. (Def. (Dkt. # 15).)

Roadguard moved for entry of default judgment on September 24, 2024. (Def. J. Mot.) On September 25, 2024, Sound Distributions again filed an answer, affirmative defenses, and counterclaims, this time signed by both Mr. Mishkin and Ms. Sharma. (2d Answer (Dkt. # 19).) After the Clerk filed a letter of deficiency stating that Ms. Sharma still had not been admitted in this District, Sound Distributions filed a third version of the answer, affirmative defenses, and counterclaims signed only by Mr. Mishkin. (3d Answer (Dkt. # 21); *see* 2d Def. Letter (Dkt. # 20).)

On September 26, 2024, Sound Distributions moved to set aside the entry of default. (Mot.) In his declaration supporting the motion, Mr. Mishkin explains that Ms. Sharma's signature appeared on the original answer "due to a clerical mistake" and that he did not receive the August 12 deficiency letter despite receiving other court notices via email. (9/26/24 Mishkin Decl. (Dkt. # 23) ¶ 4.) When the court issued its order to show cause, Mr. Mishkin was on family leave and again did not receive notice from the court regarding the order. (*Id.* ¶ 5.) On September 16—unaware that the court had already

struck Sound Distributions's answer and entered default—Mr. Mishkin instructed Ms. Sharma to reach out to Roadguard's attorney to initiate settlement discussions. (*Id.* ¶ 6.) Ms. Sharma tried to contact Roadguard's attorney several times in mid-September but received no response. (*Id.*) Finally, on September 24, 2024, Mr. Mishkin received notice from the court that Roadguard had moved for entry of default judgment. (*Id.* ¶ 7.) He represents that he "immediately reviewed the docket to understand the situation[,]" "swiftly corrected the deficiencies[,]" and filed an amended answer. (*Id.* ¶ 8.) Mr. Mishkin now acknowledges that he "should have been more proactive in monitoring the case docket." (*Id.* ¶ 9.)

On October 3, 2024, the court renoted Sound Distributions's improperly noted motion to set aside default and stayed briefing on the motion for default judgment pending the resolution of the instant motion. (10/3/24 Order (Dkt. # 24).) Roadguard filed a timely response to the motion to set aside default, and Sound Distributions filed a timely reply. (Resp.; Reply.) The motion to set aside default is now ripe for decision.

### III.   ANALYSIS

Federal Rule of Civil Procedure 55 sets forth a "two-step process" for entering default judgment that consists of (1) entry of default, and (2) a motion for entry of default judgment. *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009); *see also* Fed. R. Civ. P. 55; Local Rules W.D. Wash. LCR 55(b)(1). Default judgments, however, "are ordinarily disfavored" and "[c]ases should be decided upon their merits whenever reasonably possible." *New-Gen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)). "[J]udgment

by default is a drastic step appropriate only in extreme circumstances[.]" *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

"The court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). The court must consider (1) whether the movant engaged in culpable conduct; (2) whether the movant has a meritorious defense; and (3) whether setting aside the default would prejudice the other party. *Mesle*, 615 F.3d at 1091. The party moving to set aside the default bears the burden of demonstrating that all three factors favor vacating the default. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff*, 532 U.S. 141 (2001). The court has broad discretion to overturn an entry of default. *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-46 (9th Cir. 1986). This discretion is "more liberally applied" where, as here, a defendant seeks to set aside an entry of default pursuant to Rule 55(c) rather than a default judgment pursuant to Rule 60(b). *Mesle*, 615 F.3d at 1091 n.1. Below, the court considers each of the three "good cause" factors and concludes that there is good cause to vacate the entry of default.

**A.   Culpable Conduct**

"[A] defendant's conduct is culpable if [it] has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Grp.*, 244 F.3d at 697 (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)). The Ninth Circuit explains that "in this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice

not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Mesle*, 615 F.3d at 1092 (quoting *TCI Grp.*, 244 F.3d at 697). A defendant's conduct is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* (citing *TCI Grp.*, 244 F.3d at 698). "[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388 (1993)).

   The court concludes that Sound Distributions's default was the result of Mr. Mishkin's carelessness and negligence, rather than bad faith. Although the court twice directed Mr. Mishkin to correct the original answer, Mr. Mishkin represents that he did not receive notice of the August 12 deficiency letter or the August 27 order to show cause. (9/26/24 Mishkin Decl. ¶¶ 4-5.) After he received the motion for default judgment, Mr. Mishkin promptly filed a corrected answer and moved to set aside default. (*Id.* ¶¶ 7-8.) Mr. Mishkin acknowledges that he should have been more proactive in monitoring the docket and that if he had done so, default would not have been entered against his client. (*Id.* ¶¶ 9-10.) The court cannot find, based on these facts, that Sound Distributions's delay in correcting its answer reflected an intent to take advantage of Roadguard, to interfere with the court's decisionmaking in this case, or to otherwise manipulate the proceedings in this case. *See Mesle*, 615 F.3d at 1092.

Roadguard argues that intent is irrelevant to the culpability analysis because Sound Distributions is a legally sophisticated party. (Resp. at 7-8 (citing *Franchise Holding II, LLC. v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004)).) In the Ninth Circuit, however, "case law does not require disregarding a sophisticated defendant's intent." *HTP, Inc. v. First Merit Grp. Holdings, Inc.*, No. 22-35184, 2022 WL 17958638, at *2 (9th Cir. Dec. 27, 2022) (affirming the district court's decision to set aside default). Furthermore, this case is distinguishable from Roadguard's cited cases, which involved motions to set aside default *judgments* and in which the defaulted defendants filed nothing despite having notice of the litigation. *See Franchise Holding*, 375 F.3d at 926 (affirming denial of motion to vacate default judgment where defendant "failed to file anything with the district court until after [plaintiff] began collecting on the default judgment"); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988) (affirming denial of motion to vacate default judgment where defendant's president had actual notice of the summons and complaint but defendant nevertheless failed to answer). Here, in contrast to *Franchise Holding* and *Direct Mail Specialists*, entry of default resulted from Sound Distributions's filing of a procedurally deficient answer that it failed to timely correct, rather than its refusal to respond to the litigation altogether. And the court's discretion to set aside default is broader here than in those cases because the court has not entered default judgment against Sound Distributions. Accordingly, the court concludes that Sound Distributions has shown that it did not engage in culpable conduct that would prohibit setting aside the

default. Sound Distributions, however, is placed on notice that the court will not so readily forgive missed deadlines in the future.

**B.    Meritorious Defense**

A defendant seeking to vacate an entry of default "must present specific facts that would constitute a defense." *Mesle*, 615 F.3d at 1094 (quoting *TCI Grp.*, 244 F.3d at 700). This burden "is not extraordinarily heavy." *TCI Grp.*, 244 F.3d at 700. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense"; the court is not to determine whether the factual allegations are true when it decides the motion to set aside the default. *Id.*

Sound Distributions directs the court to the defenses it raised in its answer, including its counterclaims for breach of contract, breach of the duty of good faith and fair dealing, and unjust enrichment arising from the parties' service provider contract. (Mot. at 4; *see also* 3d Answer at 5-10 ("Counterclaims").) The court concludes that Sound Distributions has alleged facts that would, if true, constitute a defense to Roadguard's breach of contract claim.[5] (*See, e.g.*, 3d Answer ¶¶ 11, 15 (asserting that Roadguard's invoices were inaccurate); Counterclaims ¶ 8 (same).) Therefore, the court concludes that the "meritorious defense" factor favors vacating the default.

---

[5] The court's determination that Sound Distributions has alleged facts that would constitute a defense does not foreclose Roadguard from moving to dismiss Sound Distributions's counterclaims.

### C. Prejudice

To be prejudicial, setting aside an entry of default must result in greater harm than simply delaying the resolution of the case. *TCI Grp.*, 244 F.3d at 701. Rather, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (quoting *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)). Merely "being forced to litigate on the merits" is not considered prejudice. *Id.*

The court agrees with Sound Distributions that there is no cause to believe that the brief delay caused by its failure to timely file a procedurally proper answer will result in "tangible harm." (*See* Mot. at 10.) Roadguard does not address the prejudice factor of the good cause analysis. (*See generally* Resp.) Accordingly, the court concludes that the prejudice factor favors vacating the entry of default.

In sum, because all three "good cause" factors favor vacating the entry of default, the court GRANTS Sound Distributions's motion to set aside default, VACATES the entry of default, and DENIES Roadguard's motion for default judgment as moot.

### D. Attorneys' Fees and Costs

Roadguard seeks an award of $11,813.50 in attorneys' fees and costs it incurred in preparing is motion for entry of default, its motion for default judgment, and its response to the motion to set aside default. (Resp. at 10-11; *see* Feinberg Decl. ¶ 13.) Sound Distributions counters that an award of fees and costs is unwarranted because Roadguard could have avoided incurring expenses had it informed Sound Distributions that it

intended to move for default in September 2024. (Reply at 5.) The court grants in part Roadguard's request for an award of attorneys' fees and costs.

A court may set aside default "'upon such terms as are just,' and 'it is appropriate to condition setting aside a default upon the payment of a sanction.'" *First Mercury Ins. Co. v. SQI, Inc.*, No. C13-2109JLR, 2014 WL 496685, at *2 (W.D. Wash. Feb. 6, 2014) (quoting *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546-47 (9th Cir. 1988)). "The most common sanction imposed 'is that the defendant reimburse the plaintiff for costs incurred because of the default.'" *Id.* (quoting *Nilsson*, 854 F.3d at 1546).

In *Nilsson*, the court imposed sanctions to address prejudice against the plaintiff that resulted from three previous entries of default and four orders imposing monetary sanctions against the defendant for failure to comply with court orders. *Nilsson*, 854 F.2d at 1547. The court determined that an award of fees and costs was appropriate because the defendant had deliberately and willfully complicated the proceedings in that case. *Id.* In contrast, in *Na Pali Haweo Cmty. Ass'n v. Grande*, the district court determined that the circumstances did not "rise to the level of egregiousness required by *Nilsson*" where it was "arguably" the plaintiff, rather than the defendants, "whose actions can be seen as complicating the proceedings surrounding the initial granting of the default, which caused both parties to incur unnecessary costs." 252 F.R.D. 672, 675 (D. Haw. 2008).

The court concludes that this matter lies somewhere between *Nilsson* and *Na Pali Haweo*. Sound Distributions is correct that Roadguard could have avoided incurring expenses if it had notified Sound Distributions's attorneys—with whom it had been in

contact—that it intended to move for default and default judgment. For example, Roadguard could have informed Ms. Sharma, in response to her mid-September calls and emails regarding settlement, that it intended to move for default judgment the following week. Instead, it did not respond at all. (9/26/24 Mishkin Decl. ¶ 6.) And Roadguard could have stipulated to Sound Distributions's motion to set aside the default in light of the Ninth Circuit's policy in favor of deciding cases on their merits and the lack of prejudice Roadguard would face if the default were vacated. *See, e.g.*, *Na Pali Haweo*, 252 F.R.D. at 275 (denying plaintiff's request for attorneys fees where plaintiff challenged the motion to set aside "in spite of having amost no possibility of defeating the motion"). At the same time, Mr. Mishkin acknowledges that he is responsible for monitoring the docket of the cases in which he has appeared. (9/26/24 Mishkin Decl. ¶¶9-10.) Nevertheless, he failed to do so, and thus missed six filings—including two orders—that were made between the date he filed the procedurally deficient answer and the date the Clerk entered default. (*See generally* Dkt.)

The court concludes that both parties' conduct has contributed to Roadguard's accrual of attorneys' fees and costs in connection with Sound Distributions's default. Thus, the court GRANTS IN PART Roadguard's request for reimbursement of attorneys' fees and costs. Sound Distributions shall pay to Roadguard only the reasonable attorneys fees and costs Roadguard incurred in connection with drafting and filing its motion for default judgment and supporting declaration. This award does not include fees and costs incurred in connection with Roadguard's motion for entry of default or its response to Sound Distributions's motion to set aside default.

ORDER - 12

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS Sound Distributions's motion to set aside default (Dkt. # 22); VACATES the entry of default (Dkt. # 15); GRANTS IN PART Roadguard's request for attorneys' fees and costs (Dkt. # 25 at 10-11); and DENIES Roadguard's motion for default judgment (Dkt. # 16) as moot.  Roadguard is ORDERED to file, by no later than **November 1, 2024**, any necessary declarations and supporting documents establishing the reasonable attorneys' fees and costs associated with filing its motion for default judgment and supporting declaration.  Sound Distributions may file a response to Roadguard's submission by no later than **November 8, 2024**.

Dated this 22nd day of October, 2024.

_____
JAMES L. ROBART
United States District Judge